## Jasinski v. Jasinski

Before Gibson, Carson and Cummins, JJ.

*Stahlman & Carson, Coleman Harrison,* and *Bloom & Bloom,* for libellant.

GIBSON, P. J., May 5, 1947.—This case comes before us on testimony taken before the master and the master's report. During the time libellant was in the military service, his residence was the Borough of North Charleroi, Washington County, Pa. While stationed in and about Seattle, Wash., he married respondent on February 1, 1943, and continued in the military service. They lived together about five days after their marriage at Seattle, Wash., when libellant

was assigned to military service in Alaska. He returned from there about May 6, 1943. They lived together for short periods when he was on a furlough or had a pass until about January 5, 1944, when he was assigned to Camp White, in Oregon, about 500 miles from Seattle. There he remained until April of 1944, when he was assigned to the China-Burma-India theatre of war, where he remained until August of 1945. On August 14, 1945, he was discharged and came direct to North Charleroi, where he has resided ever since.

During the time he was in the China-Burma-India theatre, he wrote to respondent. Some of the letters were returned, others were not. After returning to North Charleroi, he wrote to respondent at an address in Seattle where they had lived together. Receiving no reply, he secured an address from the Army service to which he wrote and received no reply, these two letters having been returned undelivered.

Libellant claims there was a desertion on January 5, 1944, "because on January 5, 1944, I returned from a Christmas furlough to my home in North Charleroi, and was supposed to meet my wife at 8 o'clock in Seattle, Wash., on the evening of January 5, 1944, and she failed to appear. Then I wrote her a number of letters and she replied only once. Just before going overseas in April 1944 I called her and asked her to come up to camp to see me before I shipped out, and she refused." Her refusal consisted of, "She said she was busy, but I knew she had time off to come if she had wanted to." It must be borne in mind that Camp White, Ore., was a distance of 500 miles from Seattle.

Where a divorce is sought on the ground of desertion, the Divorce Law provides that a divorce may be secured whenever it be judged that the other spouse "shall have committed wilful and malicious desertion, and absence from the habitation of the injured and innocent spouse, without a reasonable cause, for and during the term and space of two years."

The substance of the whole case is that libellant met his wife and married her in Seattle. What was the nature of their residing together does not appear. She failed to meet him at Seattle on his return from home on January 5, 1944, when she was "supposed" to. She refused to go to Camp White, a trip of 500 miles, before he shipped out to the China-Burma-India theatre, claiming she was busy. Through the record it appears that she had steady employment as a cook. She failed to answer letters, if she received them, except in one instance. Many of the letters were returned. When libellant returned home, he made no effort to locate her by going to the place where she was last known to be, but came directly home, and his letters to her were not delivered. It is unnecessary to go into a discussion of this type of case.

There is an entire absence of any proof that respondent committed a willful and malicious desertion. There is no evidence whatever that there has been an absence from the habitation of the injured and innocent spouse without a reasonable cause. The habitation of libellant has been with his mother at North Charleroi. He has not established any habitation for his wife and has made merely a superficial effort to contact her.

A husband seeking a divorce must convince the court, by clear and sufficient evidence, that the wife was acting intentionally and willfully to commit desertion: Davis v. Davis, 156 Pa. Superior Ct. 342; Donald v. Donald, 155 Pa. Superior Ct. 90.

Libellant has a duty to establish his case by clear and convincing evidence: Cobaugh v. Cobaugh, 146 Pa. Superior Ct. 521.

And now, May 5, 1947, it is ordered and decreed that libellant's proceedings be dismissed, a decree of divorce refused, and that costs of this proceeding be paid by libellant.